UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


IN RE:
MICHAEL J. MICELI,

                    Debtor.
_____/

DARLENE MALONEY,

                    Appellant,

vs.                                   Case No.  2:03-cv-642-FtM-29SPC
                                            Bankr. No. 96-5177-9P7
                                         Adversary No. 02-01025


MICHAEL J. MICELI,

                    Appellee.
_____/


**OPINION AND ORDER**

            This matter comes before the Court on review of the timely

appeal of the Bankruptcy Court's Order on Motion for Leave to Amend

Affirmative Defenses (Doc. #83),[1] Order on Motion for Summary

Judgment (Doc. #86), and Final Judgment (Doc. #85), all entered on

September 24, 2003.  Appellant filed an Initial Brief (Doc. #7) and

Addendum (Doc. #8); appellee filed an Initial Brief (Doc. #11) in

response; and appellant filed a Reply Brief (Doc. #14).

---

            [1]The Docket Numbers hereinafter refer to the numbers assigned
in Bankruptcy Court unless otherwise stated.  Copies of the
relevant documents are included in the record transmitted by the
Bankruptcy Court, submitted by the parties, or available on PACER.

**I.**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir. 1994). The legal conclusions of the Bankruptcy Court are reviewed *de novo*, In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993), while findings of fact are reviewed for clear error. Fed. R. Bankr. P. 8013; In re Thomas, 883 F.2d 991, 994 (11th Cir. 1989), cert. denied, 497 U.S. 1007 (1990). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Crawford v. Western Elec. Co., Inc., 745 F.2d 1373, 1378 (11th Cir. 1984)(citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

**II.**

The relevant facts are not in dispute. Michael J. Miceli (appellee, debtor, or defendant) filed for voluntary relief under Chapter 11 on April 23, 1996. The case was converted to a Chapter 7 proceeding on August 28, 1997. Debtor received a general discharge on March 3, 2000, a Final Decree (Doc. #351) was entered on December 13, 2001, and the case was closed on December 13, 2001.

The Final Decree was vacated and the case was reopened on February 25, 2002, for the administration of additional funds from

a refund of an unused bond premium.  This reopening was unrelated to any matter involving Darlene Maloney.

On December 11, 2002, creditor Darlene Maloney (appellant or plaintiff) filed a Complaint to Revoke Discharge in an adversary proceeding.  Maloney sought to revoke the discharge under § 727(d) based on the newly acquired information that the debtor held a judgment against Charles M. Powell and Kimberley Moore in the amount of $111,562.82, that debtor had failed to schedule this asset, and that the concealment of this judgment by the debtor was only uncovered when Kimberley Moore filed for Chapter 7 relief.  An Amended Complaint was filed on March 13, 2003, and a Second Amended Complaint was filed on June 20, 2003.

On August 14, 2003, appellee filed a Motion for Summary Judgment (Doc. #63) and a Motion for Leave to Assert an Additional Affirmative Defense (Doc. #64).  Both motions addressed the affirmative defense that the challenge to discharge was time-barred under 11 U.S.C. § 727(e).  On September 24, 2003, the Bankruptcy Court granted leave and granted summary judgment on the basis of the affirmative defense.  (See Docs. #83, #86).  The case was dismissed with prejudice, and a Final Judgment (#85) was entered on the same day.

## III.

The first issues to be addressed are procedural.  Appellant Malony argues that the Bankruptcy Court abused its discretion in granting leave to amend the affirmative defenses, and then erred by

granting summary judgment on the same day based on the newly added affirmative defense without allowing additional discovery.  A more detailed examination of the procedural history of the matter is required to resolve these aspects of the appeal.

**A.**

As noted above, the original Complaint was filed on December 11, 2002, and an Amended Complaint was filed on March 13, 2003.  On June 10, 2003, Maloney filed an Emergency Motion to Amend Complaint, Compel Production and Continue Final Evidentiary Hearing.  (Doc. #28).  The Bankruptcy Court held a hearing on June 18, 2003, and orally granted the motion in part.  The Second Amended Complaint (Doc. #42) was filed and served on June 20, 2003, and an Answer and Affirmative Defense (Doc. #44) was filed on June 30, 2003.

The written Order (Doc. #50), however, was not filed until July 31, 2003.  This written Order granted Maloney leave to file her Second Amended Complaint, required her to serve the Second Amended Complaint within ten days "of this Order," and required defendant Miceli to respond within ten days of the date of that service.  The Order also extended the discovery deadline and scheduled a final evidentiary hearing for September 3, 2003[2].

On August 14, 2003, defendant Miceli filed a Motion For Leave to Assert an Additional Affirmative Defense (Doc. #64).  The motion

---

[2]This was ultimately re-scheduled for August 28, 2003.

represented that Miceli had not received service of the Second
Amended Complaint as directed by the July 31, 2003 Order, that the
time to serve it had expired, and that Miceli was unclear whether
Maloney intended to re-serve the Second Amended Complaint or rely
upon the initial filing of the Second Amended Complaint as service.
Miceli noted that he was contemporaneously filing a Supplemental
Answer and Affirmative Defenses adding a time-bar defense in order
to avoid inadvertent default if the Second Amended Complaint was
not going to be re-served.  As a precautionary matter, Miceli
requested an order allowing that additional affirmative defense.
The Supplemental Answer and Affirmative Defenses of Defendant to
Second Amended Complaint (Doc. #68) included the assertion that
Maloney's claim was "barred by 11 U.S.C. Section 727(e)." Miceli's
Motion for Summary Judgment (Doc. #63) sought judgment solely on
the issue that the action to revoke the discharge was barred by
Section 727(e).

At the August 28, 2003 hearing, the parties argued about
whether leave to amend the affirmative defenses was needed, and
whether summary judgment could be granted on the basis of the "new"
affirmative defense.  The written Order on Motion For Leave to
Amend Affirmative Defenses (Doc. #83) stated that the Court was
"assuming without deciding that leave to amend is required,"
granted the motion, and deemed the additional affirmative defense
filed.  The Bankruptcy Court then granted summary judgment on the

basis that the challenge to the discharge was time barred.   (<u>See</u>
Doc. #86).

**B.**

It is undisputed that the July 31, 2003 written Order required
Maloney to serve the Second Amended Complaint on defendant within
ten days "of this Order."   The July 31, 2003 Order also directed
that Miceli respond to the Second Amended Complaint within ten days
of  this  required  service.    While  this  service  was  never
accomplished, and this fact is undisputed, Miceli filed his
Supplemental Answer and Affirmative Defenses on August 15, 2003.
Even if plaintiff is deemed to have accomplished service within the
ten days from the date of the Order (August 10, 2003), Miceli's
supplemental Answer and Affirmative Defenses, filed on August 15,
2003, was authorized and timely filed.   The supplemental
affirmative defense included the Section 727(e) assertion, and
therefore no further leave of court was required to allow such a
defense.   The matter was properly considered by the Bankruptcy
Court at its scheduled final evidentiary hearing, and the
Bankruptcy Court did not abuse its discretion in granting the
(unnecessary) motion for leave.

**IV.**

The second set of issues is substantive.   The Bankruptcy Court
found that "Plaintiff's Complaint to revoke the Debtor's Discharge
is time barred pursuant to 11 U.S.C. Section 727(e), . . ."   (Doc.

#86).    The  Bankruptcy  Court  found  that  § 727(e)  was  a
jurisdictional  bar  which  cannot  be  extended  by  the  court,  not  a
statute  of  limitations.    (Doc. #94, pp. 18-19).    Appellant  argues
that  the  Bankruptcy  Court  erred  in  this  finding,  and  asserts  that
the  statute  is  not  jurisdictional  but  a  statute  of  limitations
which  had  been  waived  and  was  subject  to  equitable  estoppel.
Appellant  asserts  that  summary  judgment  was  inappropriate  because
the  Bankruptcy  Court  failed  to  even  consider  her  equitable  estoppel
argument,  and  failed  to  allow  discovery  on  the  matter.

    The  Bankruptcy  Court,  upon  request  and  after  notice  and
hearing,  shall  revoke  a  discharge  if  the  debtor  acquired  property
or  became  entitled  to  acquire  property  that  is  property  of  the
estate  and  the  debtor  "knowingly  and  fraudulently  failed  to  report
the  acquisition  of  or  entitlement  to  such  property,  or  to  deliver
or  surrender  such  property  to  the  trustee."    11 U.S.C. § 727(d)(2).
A  revocation  of  the  discharge  must  be  requested  within  the  later  of
one  year  after  the  discharge  is  granted  or  the  date  the  case  is
closed.    11 U.S.C. § 727(e)(2).

    The  discharge  in  this  case  was  granted  on  March  3,  2000,  so
the  one  year  period  would  expire  March  3,  2001;  since  the  case  was
not  closed  until  December  13,  2001,  the  period  was  extended  to  that
date,  and  the  adversary  proceeding  should  have  been  initiated  by
December  13,  2001.    Maloney's  adversary  proceeding  was  filed  on
December  11,  2002,  and  was  therefore  untimely  under  the  statute

unless there is an exception which does not appear on the face of the statute.

Appellant argues that the statute is a statute of limitations, and like most statutes of limitations can be waived and tolled. Appellee argues that the statute is a statute of repose, which cannot be waived, tolled, or extended.  The Bankruptcy Court held that the statute was jurisdictional, and could not be extended by the court.

Both parties cite Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998) for a discussion of the distinction between a statute of limitations and a statute of repose.  There is little room for argument that a statute of repose is not subject to equitable tolling, and cannot be extended by the court.  Neither party cites any binding authority as to whether § 727(e) is a statute of limitations or a jurisdiction limitation/statute of repose.[3]  The Bankruptcy Courts are split on the issue.[4]

---

[3]Contrary to Appellant's assertion (Dist. Doc. #7, p. 7), the Bankruptcy Court's holding is not inconsistent with Pugh v. Brook, 158 F.3d 530 (11th Cir. 1998), which did not discuss § 727(e).

[4]The minority view is exemplified by In re Succa, 125 B.R. 168 (Bankr. W.D. Tex. 1991)(a case is not closed until the estate is fully administered and equitable tolling applies in context of Fed. R. Bankr. P. 4004); In re Peebles, 224 B.R. 519, 521-23 (Bankr. D. Mass. 1998)(finding that a case is not properly closed until the assets are fully administered, and that equitable tolling applies to § 727(e)(2)); and Dean v. McDow, 299 B.R. 133, 138-39 (E.D. Va. 2003)(Section 727(e)(1) is not jurisdictional but an affirmative defense that can be waived).

The Court finds, based on the greater weight of the authority, that the time period in § 727(e)(2) is jurisdictional and akin to a statute of repose; that the time period cannot be tolled or extended; that the reopening of the case on unrelated matters has no effect on the time limitation; and that the discovery of alleged fraud has no bearing on when the time period starts to run. See In re Santos, 24 B.R. 688, 689 (Bankr. D.R.I. 1982)(citing 4 ALAN N. RESNICK AND HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 727.16 (15th ed. 1981)); In re Johnson, 187 B.R. 984, 988 (Bankr. S.D. Cal. 1995)("[t]o hold that so long as the debtor withholds that information the one year limitation never begins to run is to erase the one year limitation"); In re Culton, 161 B.R. 76, 79 (Bankr. M.D. Fla. 1993)("the Court finds that it cannot extend or toll the 727(e) limitation period, and plaintiff's complaint is time barred"), rev'd In re Culton, 3:93-cv-1438-J-20; In re Fresquez, 167 B.R. 973, 975 (Bankr. D.N.M. 1994)("[t]his Court finds no reason to equitably extend the limitations period set up by Congress for late-discovered fraud"); In re Blanchard, 241 B.R. 461, 464 (Bankr. S.D. Cal. 1999)("Section 727(e)(2) is a statute of repose and, as such, is not subject to the doctrine of equitable tolling"); In re Bevis, 242 B.R. 805, 809 (Bankr. D.N.H. 1999)("[t]his Court concludes that the better view is to not allow equitable tolling in the context of § 727(e)(2)"); In re Dolliver, 255 B.R. 251, 255 (Bankr. D. Me. 2000)("a case is "closed" for purposes of § 350(a) and § 727(e)(2) when the clerk's office enters

its order closing the case.  Closure is not subject to an indefinite, undefined extension on account of a debtor's failure to schedule assets").  The Court finds that the Congressional purpose of § 727(e)(2) would be undermined if the limitation period were tolled by the alleged fraud or reopening of the case.  The bankruptcy rule which provides that Federal Rule of Civil Procedure 60 does not apply to extend the time period adds strong support for the view that the time limitation is absolute and is not intended to be extended or tolled.  See Fed. R. Bankr. P. 9024.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  The Bankruptcy Court's Order on Motion for Leave to Amend Affirmative Defenses (Doc. #83), Order on Motion for Summary Judgment (Doc. #86), and Final Judgment (Doc. #85) are **affirmed.**

2.  The Clerk shall transmit a certified copy of this Opinion and Order to the Bankruptcy Court's Clerk's Office, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of July, 2005.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Alexander L. Paskay
Clerk - Bankr. M.D. Fla.
Counsel of record